### JOHN RILEY v. JOSEPH F. KUMP.[1]

January 21, 1927.

No. 25,797.

**Decision of boundary line case in favor of plaintiff amply supported by evidence.**

Record in a boundary line case examined and found to support the decision for plaintiff.

Adverse Possession, 2 C. J. p. 203 n. 7; p. 276 n. 59.
Appeal and Error, 3 C. J. p. 874 n. 68; p. 984 n. 19; p. 1339 n. 41.

Defendant appealed from an order of the district court for Rice county, Senn, J., denying his motion for a new trial. Affirmed.

*Charles R. Pye,* for appellant.
*William W. Pye,* for respondent.

PER CURIAM.

Action for the establishment of the boundary between the north and south halves of a lot in Northfield. The decision below was for plaintiff and defendant appeals from the order denying his motion for amended findings or a new trial.

The complaint avers the practical location of the boundary in 1903 by plaintiff and a former owner of the entire lot from whom he purchased his portion, the line so established being marked by a fence then in existence, and that the line so established has ever since existed and constituted the true boundary. Plaintiff avers

[1]Reported in 212 N. W. 13.

ownership by adverse possession of the disputed strip, about eight feet wide, on his side of the line. There is no need for discussing the evidence. It has been considered and found to furnish ample support for the findings.

The proviso of § 9187, G. S. 1923, to the effect that the 15 year bar of that statute shall not apply "to an action for the recovery of real estate assessed as tracts or parcels separate from other real estate, unless it appears that the party claiming title by adverse possession * * * shall have paid taxes on the real estate in question at least five (5) consecutive years of the time during which he claims" to have held adversely, does not help defendant. That is because, under the second proviso of the section, the one just quoted does not apply to an action, such as this, "relating to the boundary line of lands, * * * established by * * * adverse possession."

The order for judgment is "that the existing fence * * * constitutes a legal, practical boundary line between said two properties." It may well be that it would have been desirable to have directed the placing of permanent stone or iron monuments in accordance with the judgment, pursuant to § 9592, G. S. 1923, providing for the placing of such judicial landmarks. If that be an objection to the decision, which we do not hold, defendant is in no position to question it on this appeal. It is an irregularity which can be reached by motion in the court below. No such motion has been made. Moreover in the motion for amended findings or a new trial there was no specification of error going to the point. Neither is there any assignment of error which permits defendant to raise the question on this appeal.

Order affirmed.