THEOLINDA MARGARETA DEACON v. SAM HAUGEN AND OTHERS.[1]

February 20, 1931.

No. 28,240.

*F. A. Grady,* for appellant.
*Oscar R. Knutson,* for respondents.

HOLT, J.

Appeal by plaintiff from a judgment decreeing defendant Sam Haugen the owner of that certain land from which plaintiff sought to eject him by the action.

[1]Reported in 235 N. W. 23.

The controversy is only between plaintiff and defendant Sam Haugen; the other two defendants disclaim. Plaintiff obtained a deed to the northwest quarter of section 12, township 157, range 46, Marshall county, Minnesota, in 1920. Defendant bought the northeast quarter in that section from one Bergquist and went into possession in 1907, occupying and claiming the west half thereof as his homestead. The dwelling house is 45 feet east of the line dividing the northeast quarter from the northwest quarter as surveyed by one Quist in 1927. The barns, chicken house, granary and wells are and have been located within the easterly 240 feet of the southeast quarter of the northwest quarter of said section. This strip has always been fenced and occupied and used by defendant as part of his homestead. The issue of adverse possession of this strip was submitted to the jury in the form of two questions, viz:

"Has defendant for a period of at least 15 years next prior to the commencement of this action been in open, continuous, exclusive and actual possession, under claim of right, of the property upon which the buildings, fences and wires [wells] testified to by him and his witnesses are located?

"Do you find the property so used by him to be a strip of land 240 feet in width, extending westerly beyond the boundary line as surveyed by Mr. Quist and running approximately 50 rods along the easterly part of the northwest quarter of section 12, in township 157 north, of range 46 west, from the southerly boundary and thence due north to a point opposite the farm house of defendant or slightly north thereof?"

Both questions were answered in the affirmative. And the judgment decreed title in fee in defendant to the strip of ground described in the question last quoted. In his memorandum the court stated that the jurisdiction of the case would be retained "to the end that a surveyor's plat may be had definitely locating defendant's property" within the description in the verdict.

We think the court properly submitted the second special question in the form it was submitted. Defendant and his son had measured the distance from the line of Quist's survey to a parallel

line so drawn as to include the most westerly well, and testified that the distance between was 240 feet. There was no actual measurement disputing this. There may be estimates as to the distance of various fences and the location of certain improvements from which the inference might obtain that they were all within a less distance than 240 feet of the line of the Quist survey. But such estimates should yield to actual measurements. The evidence is conclusive as to the adverse possession of perhaps ten feet more than that contained in the question, that is, up to the yard fence; but defendant did not desire to have title to more land than that upon which the buildings and wells were situated, and therefore it was not error for the court to frame the question as was done. The jury at any rate have found that title was acquired by adverse possession of a 240-foot strip, and the evidence amply justified that finding.

Since the trial court indicated that it would retain jurisdiction to make the description more certain by a survey and plat than the one in the question referred to and which is followed in the judgment, and there has been no application to that court for any modification or change, the judgment should not be reversed or modified on this appeal. Riley v. Kump, 170 Minn. 58, 212 N. W. 13, indicates the remedy, if any be needed to make the boundary certain, is in the trial court.

A claim is also made that the judgment is void and should be reversed because the verdict was in the form of a special verdict, and there should have been an order for judgment or conclusions of law directing an entry in favor of defendant. This contention is answered by Goldman v. Christy, 158 Minn. 182, 197 N. W. 100, and cases therein cited.

The judgment is affirmed.